Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| MARIHER SOBRINO RODRÍGUEZ<br><br>Peticionaria<br><br>V.<br><br>CRISTIAN MOSCOSO CARPENA<br><br>Recurrido | TA2025CE00023 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Sobre: Custodia y Relaciones filiales<br><br>Civil Núm.:<br>G CU2016-0139 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Comparece ante nos, la Sra. Mariher Sobrino Rodríguez ("señora Sobrino Rodríguez o peticionaria") para que revisemos la *Resolución* emitida el 22 de mayo de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Guayama ("TPI"). Allí, se establecieron las relaciones filiales durante el periodo de verano del menor AUMS con sus progenitores. Aun cuando el 9 de junio de 2025, la peticionaria solicitó la reconsideración, el TPI mantuvo su determinación.[2]

Evaluada la totalidad del expediente, **denegamos** el auto de *certiorari* solicitado.

**-I-**

El **5 de febrero de 2020**, el Sr. Cristian Moscoso Carpena ("señor Moscoso Carpena o recurrido") presentó una *Solicitud de*

---

[1] Notificada el 23 de mayo de 2025.
[2] La *Resolución y Orden* fue emitida el 11 de junio de 2025.

*Custodia Compartida a Tiempo Igual.*[3] Entre otras cosas, solicitó la custodia en tiempo igual del menor AUMS.

Luego de varios incidentes procesales, el TPI ordenó la actualización del Informe Social Forense y el Informe Social Complementario.[4] El Informe Social Forense fue preparado el **11 de abril de 2024** por la Trabajadora Social María del C. Pardo Ramos ("TS Pardo Ramos").[5] En cuanto a la controversia —*de las relaciones filiales durante el periodo de verano*—, recomendó lo siguiente:

> *[E]n periodo de vacaciones escolares durante los meses de junio y julio sugerimos que cada progenitor disfrute de dos semanas consecutivas incluyendo el fin de semana, alternándose cada año. Por ejemplo, si el padre tiene las dos primeras semanas de junio al siguiente año le corresponderán las últimas dos del mes y así sucesivamente. De tener planificado viajar al exterior deben mantenerse informados acerca de los detalles del viaje (fecha de salida y regreso, destino, lugar de estadía) y obtener autorización del otro progenitor por escrito. De no lograr un acuerdo respecto al viaje deberán solicitar la autorización al Tribunal. El progenitor con quien no se lleve a cabo la relación filial tendrá derecho a mantener comunicación con el menor mediante videollamada dos veces por semana (martes y jueves o lunes y miércoles).*[6]

El **30 de abril de 2024**, el señor Moscoso Carpena presentó una *MOCION EN CUMPLIMIENTO DE ORDEN EXPONIENDO POSICION A LAS RECOMENDACIONES DEL INFORME SOCIAL DEL 11 DE ABRIL DE 2024*. En esencia, se allanó a las recomendaciones contenidas en el informe.[7]

El **2 de mayo de 2024**, la señora Sobrino Rodríguez presentó una *MOCION EN CUMPLIMIENTO DE ORDEN, ANUNCIANDO PERITO Y SOLICITUD URGENTE DE AUTORIZACION JUDICIAL*.[8] En síntesis, alegó que el plan filial no resultaba en el mejor bienestar del menor. Por lo que solicitó que se le concediera autorización a la Dra. Eunice Alvarado Diaz para revisar los informes pertinentes.

---

[3] Apéndice 1 de la Entrada Núm. 1 del caso *TA2025CE00023* en SUMACTA.
[4] La *Orden a la Unidad Social* fue notificada el 21 de junio de 2023. Véase; Anejo 6 de la *OPOSICION A RECURSO DE CERTIORARI EN CUMPLIMIENTO DE ORDEN Y SOLICITUD DE DESESTIMACION*, Entrada Núm. 5 del caso *TA2025CE00023* en SUMACTA.
[5] Apéndice 3 de la Entrada Núm. 1 del caso *TA2025CE00023* en SUMACTA.
[6] *Íd.*, a las págs. 30 – 31.
[7] Apéndice 4 de la Entrada Núm. 1 del caso *TA2025CE00023* en SUMACTA.
[8] Apéndice 5 de la Entrada Núm. 1 del caso *TA2025CE00023* en SUMACTA.

El **13 de septiembre de 2024**, el señor Moscoso Carpena sometió una *MOCION INFORMATIVA, EN CUMPLIMIENTO DE ORDEN Y EN SOLICITUD DE ORDEN*.[9] Entre otros asuntos, adujo que la controversia entre las partes era sobre las relaciones filiales en el periodo de verano.

El **16 de septiembre de 2024**, la señora Sobrino Rodríguez se opuso y adujo que ello no era correcto, ya que en la vista celebrada el 9 de julio de 2024 se habían subsanado todas las controversias y solo restaba someter el calendario a seguir durante la época de verano de los próximos años.[10]

Pese a que el TPI celebró dos (2) Vistas —una el **9 de julio de 2024** y el **13 de diciembre de 2024**—, las partes no lograron llegar a un acuerdo en cuanto a la manera en que debían ser llevadas las relaciones filiales durante los periodos de verano.

Concluido el término sin que las partes presentaran una estipulación sobre cómo se llevarían a cabo las relaciones filiales durante el periodo de verano,[11] el **22 de mayo de 2025** el TPI emitió la *Resolución* recurrida,[12] en lo pertinente, expresó:

> *[E]l término otorgado a las partes para que preparasen una moción de estipulaciones conjuntas en cuanto al periodo de verano concluyó sin que pudiesen llegar a un acuerdo. Por el contrario, las partes presentaron escritos aferrándose a sus posiciones previas. La Demandante alegaba que ya existía un acuerdo estipulado durante la vista celebrada el 9 de julio de 2024, en cuanto al periodo de vacaciones. Mientras que la parte Demandada continuaba sugiriendo que los meses de junio y julio fuesen divididos del 1 al 16 de junio, del 16 al 1 de julio, del 1 de julio al 16 de julio y del 16 de julio al 31 de julio.*
>
> *Teniendo a nuestra disposición los planteamientos de las partes, el Informe Social Forense del 11 de abril de 2024, habiendo escuchado la grabación de la Vista celebrada el 9 de julio de 2024, nos encontramos en posición de hacer nuestra disposición sobre la manera en que se llevaran a cabo las relaciones filiales.*
>
> *Previo a hacer nuestra determinación, al amparo de los estatutos jurisprudencia aplicable, queremos expresar nuestra posición en cuanto a lo discutido durante la Vista celebrada el 9 de julio de 2024.*

---

[9] Apéndice 6 de la Entrada Núm. 1 del caso *TA2025CE00023* en SUMACTA.

[10] La moción fue presentada el 16 de septiembre de 2024. Véase; Apéndice 7 de la Entrada Núm. 1 del caso *TA2025CE00023* en SUMACTA.

[11] Véase; Apéndice 8 & 9 de la Entrada Núm. 1 del caso *TA2025CE00023* en SUMACTA.

[12] Apéndice 2 de la Entrada Núm. 1 del caso *TA2025CE00023* en SUMACTA.

> *Luego de escuchar la grabación, no nos cabe duda alguna de que, a pesar de que las partes acudían al Tribunal con la percepción de que habían llegado a unos acuerdos, en cuanto a la manera en que se llevarían a cabo las relaciones filiales durante el periodo de verano, siempre persistía entre estas una discrepancia en cuanto a cuales serían las fechas exactas en que los progenitores se relacionarían con el menor. En todo momento, incluso luego de que el Tribunal les concediese a las partes un turno posterior para intentar reconciliar sus posiciones, estas regresaban expresando haber llegado a un acuerdo, pero cuando le explicaban el mismo al Tribunal la controversia resurgía.*
> *Si bien es cierto que durante la celebración de la vista el Tribunal expresó que establecer el calendario de lunes a lunes sería una opción viable, esta no fue una orden o determinación del Tribunal. Fue precisamente por esto que el Tribunal les concedió a las partes un término de 10 días para que se reuniesen y sometiesen una Moción Conjunta con los acuerdos y el calendario que regina las relaciones filiales con el menor.[13]*

El TPI añadió que las partes aceptaron libre y voluntariamente las recomendaciones contenidas en el *Informe Social Forense* durante la vista celebrada el **13 de diciembre de 2024**, y se allanaron a que se emitiera una resolución final en cuanto a las relaciones filiales del periodo de vacaciones. Ante ello, estableció que durante los meses de junio y julio las relaciones filiales serían de la siguiente manera:

[....]

> *4. Las relaciones filiales de los progenitores durante el periodo de vacaciones (verano), comprendido en los meses de junio y julio, será coordinado teniendo un progenitor al menor durante las primeras dos semanas de junio y el otro progenitor lo tendrá las otras dos semanas de junio y las primeras dos semanas de julio, luego el primer progenitor lo tendrá las últimas dos semanas de julio. Se alternarán el orden de año en año. Los días que comprenderán los periodos de vacaciones de verano en los meses de junio y julio, serán días naturales. O sea, desde el 1 hasta el 16 de junio, desde el 16 de junio hasta el 16 de julio y desde el 16 hasta el 31 de julio y comenzarán a las 8:00 am o la hora que los progenitores acuerden conveniente.*
> *Entiéndase que se establecerán las relaciones filiales, comenzando con el verano del año 2025, de la siguiente manera:*
>> *El padre tendrá la custodia del menor del 1 de junio al 16 de junio del año 2025.*
>> *La madre tendrá la custodia del menor del 16 de junio al 16 de julio del año 2025.*
>> *El padre tendrá la custodia del menor del 16 de julio al 31 de julio del año 2025.*
>> *La madre tendrá la custodia del menor del 1 de junio al 16 de junio del año 2026.*
>> *El padre tendrá la custodia del menor del 16 de junio al 16 de julio del año 2026.*

---

[13] *Íd.*, a las págs. 7 – 8.

> *La madre tendrá la custodia del menor del 16 de julio al 31 de julio del año 2026.*
> *Y así sucesivamente año tras año de forma alternada por año. [….].*[14]

Ponchada el **9 de junio de 2025**, la señora Sobrino Rodríguez presentó una *MOCIÓN URGENTE SOBRE RECONSIDERACIÓN & OTROS EXTREMOS.*[15] En resumen, adujo que el TPI se inclinó por el plan propuesto por el recurrido, ello, sin que el mismo fuera cónsono con las recomendaciones de la TS Pardo Ramos.

Mediante *Resolución* emitida el **11 de junio de 2025**, el TPI declaró *No Ha Lugar* la reconsideración presentada.[16]

El **23 de junio de 2025**, la señora Sobrino Rodríguez compareció ante nos mediante *ESCRITO DE CERTIORARI*. Señaló la comisión del siguiente error:

> *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ABUSAR DE SU DISCRECIÓN Y ESTABLCER UN PLAN DE RELACIONES FILIALES DURANTE EL PERÍODO DE VERANO NO COMPATIBLE CON LO SOLICITADO POR LAS PARTES Y/O EN CONTRA DEL PROPIO PERITO DEL TRIBUNAL CONFORME SU RECOMENDACIÓN EN EL INFORME SOCIAL FORENSE, EN PERJUICIO DEL MEJOR BIENESTAR DEL MENOR AUMS.*

El **17 de julio de 2025**, compareció el señor Moscoso Carpena mediante el escrito: *"OPOSICION A RECURSO DE CERTIORARI EN CUMPLIMIENTO DE ORDEN Y SOLICITUD DE DESESTIMACION"*. Con el beneficio de la comparecencia de ambas partes, dimos por perfeccionado el recurso para la atención del Panel Especial.

**-II-**

El auto de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[17] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[18]

---

[14] *Íd.*, a las págs. 12 – 13. *Énfasis nuestro.*
[15] Apéndice 10 de la Entrada Núm. 1 del caso *TA2025CE00023* en SUMACTA.
[16] Apéndice 11 de la Entrada Núm. 1 del caso *TA2025CE00023* en SUMACTA.
[17] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[18] *García v. Asociación,* 165 DPR 311, 321 (2005).

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> [E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, *solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.* No obstante, y por *excepción* a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, *en casos de relaciones de familia, en* casos que revistan *interés público* o en cualquier otra situación en la cual esperar a la apelación constituiría un *fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.* [...].[19]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[20]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> [d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho

---

[19] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*

[20] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).

*sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[21]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[22]

**-III-**

En esencia, la señora Sobrino Rodríguez nos señala que el TPI erró al establecer las relaciones filiales durante el periodo de verano que no son compatibles con lo solicitado por las partes y/o conforme al *Informe Social Forense.* Ello, en perjuicio del bienestar del menor.

Un examen de la *Resolución* recurrida nos lleva a determinar que se trata de una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad de decidir los casos de la manera que entiendan más razonable.

Aunque por excepción de la Regla 52.1 de Procedimiento Civil, *supra,* podríamos atender la Resolución recurrida, no encaramos una situación que constituya un fracaso irremediable de la justicia. Tampoco, enfrentamos ninguno de los criterios establecidos en la citada Regla 40 del Reglamento del Tribunal Apelaciones que nos permitan intervenir con la decisión tomada por el TPI.

A tono con lo antes expuesto, resolvemos que hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Razón por la cual, no intervendremos con la determinación recurrida.

**-IV-**

Por lo fundamentos antes expuestos, **denegamos** el auto de *certiorari* solicitado.

---

[21] *Zorniak Air Services v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).
[22] *SLG Zapata- Rivera v. JF Montalvo,* 189 DPR 414, 434 – 435 (2013).

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones